IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REENA LEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 11-0627-WS-C |
| | ) |
| THE KRYSTAL COMPANY, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    This matter comes before the Court on plaintiff Reena Lee's filing styled "Plaintiff's Acceptance of Defendant's Offer of Judgment & Motion for Approval and Acceptance of Same" (doc. 32).

    Lee commenced this action against The Krystal Company ("Krystal") alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). In particular, Lee maintained that Krystal failed to pay her straight-time wages that were due and owing to her, and that it likewise failed to comply with FLSA record-keeping requirements.[1]

    On August 23, 2012, Krystal made an Offer of Judgment to Lee in the total sum of $1,218.00, exclusive of costs and attorney's fees, pursuant to Rule 68(a) of the Federal Rules of Civil Procedure. Lee now accepts the Offer of Judgment, and indicates that the $1,218.00 amount at issue constitutes "the full amount of wages in controversy," albeit without including any award or compensation for Lee's doubtful and disputed claim of liquidated damages.

---

[1] Plaintiff also sued two other defendants, Brian Broome and Vernon McLemore, both individually and doing business as Elite Security, under the FLSA. Lee contended that all defendants jointly employed her, such that each of them was responsible under the FLSA for compliance with same. On January 16, 2012, the undersigned entered an Order (doc. 11) granting Lee's request to dismiss her claims against Broome and McLemore without prejudice. Notwithstanding this ruling, Brown and McLemore are still parties in this action, inasmuch as Krystal brought cross-claims against them and ultimately obtained a Clerk's Entry of Default (doc. 27) against both of them on May 15, 2012 when they failed to appear or defend after being served with process herein.

It has long been the law in this Circuit that when private parties to an FLSA action enter a settlement of same, such settlements are subject to district court approval. *See Lynn's Food Stores, Inc. v. United States ex rel. United States Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."); *Silva v. Miller*, 2009 WL 73164 (11th Cir. Jan. 13, 2009) ("On its face, *Lynn's Food* suggests no exception to judicial oversight of settlements when the employee receives all wages due …."). After careful review of all facts and circumstances identified in the parties' filings, the Court concludes that the proposed settlement (as set forth in the accepted Offer of Judgment) is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Accordingly, plaintiff's motion for approval of her acceptance of the Offer of Judgment is **granted**, and the parties' stipulated judgment in the amount of **$1,218.00** (plus fees and costs) is **approved**.

Of course, this Order leaves open the question of **reasonable** attorney's fees and costs, which are awarded as a matter of course to prevailing parties in FLSA cases. *See* 29 U.S.C. § 216(b) (when employer violates minimum wage or overtime provisions of FLSA, the court "shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) ("[S]ection 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs."). Lee is **ordered** to submit her attorney's fee petition (including a supporting legal memorandum and exhibits demonstrating the reasonableness of the hours worked on an itemized, detailed basis, as well as the hourly rate(s) charged) on or before **September 18, 2012**. Krystal's response is due by no later than **October 2, 2012**, and Lee may file a reply on or before **October 9, 2012** after which the fee petition will be taken under submission.

DONE and ORDERED this 28th day of August, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE