IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REENA LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0627-WS-C |
| ) | |
| THE KRYSTAL COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on a *pro se* filing styled "Motion to Dismiss" (doc. 49) submitted by crossclaim defendants Bryan Broome and Vernon McLemore. In their Motion, Broome and McLemore state that they "are in agreement that Vernon should be dismissed from this case" and explain "that Vernon McLemore had nothing to do with Elite Security or with Ms. Lee's claims of not being paid."

The problem with this Motion is that Broome and McLemore have waived their right to be heard on the merits of The Krystal Company's claims against them. When service of process was perfected on them back in March and April 2012, Broome and McLemore chose not to appear or defend themselves in this matter. On May 15, 2012, this Court entered an Order (doc. 26) directing the entry of default against Broome and McLemore pursuant to Rule 55(a), Fed.R.Civ.P., because despite being served with process, "neither McLemore nor Broome has filed a responsive pleading, requested an extension of time, or appeared in this action in any manner." (Doc. 26, at 1.) On that same date, a Clerk's Entry of Default (doc. 27) was entered against both individuals.

Today, that default remains in place as to both Broome and McLemore. The legal effect of a default is that it operates as "an admission of the facts cited in the Complaint." *Hartford Cas. Ins. Co. v. Southern Sur. Associates, Inc.*, 2012 WL 2088818, *2 (S.D. Ala. June 8, 2012) (citation omitted); *see also Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 592 n.4 (S.D. Ala. 2007) ("The effect of a default is to render all well-pleaded factual allegations of the

complaint (except those relating to damages) admitted."). In its Crossclaim, Krystal alleged that McLemore was "doing business as Elite Security," and that plaintiff, Reena Lee, "was an employee of defendants Elite Security, Brian Broome and Vernon J. Mclemore." (Doc. 8, at 5.) Having chosen not to respond to the Crossclaim nearly a year ago when he was served with process in the case, McLemore has effectively admitted that he was in fact doing business (along with Broome) as Elite Security and that he employed Reena Lee. Because of the long-standing default, Broome cannot be heard now to contest the accuracy of the well-pled factual allegations against him, particularly given that he failed to avail himself of a full, fair opportunity under the Federal Rules of Civil Procedure to be heard and to defend himself against Krystal's Crossclaim.[1]

For all of these reasons, the Motion to Dismiss (doc. 49) is **denied**.

DONE and ORDERED this 23rd day of January, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The fact that Broome is proceeding without counsel in no way affects the analysis or the result. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (explaining that *pro se* defendants must nevertheless comply with procedural rules); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (similar).