IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REENA LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0627-WS-C |
| | ) |
| THE KRYSTAL COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on crossclaim plaintiff The Krystal Company's Motion for Default Judgment (doc. 53).[1] The Motion is ripe for disposition.

**I.   Background.**

Plaintiff, Reena Lee, brought this action against defendants, The Krystal Company, Brian Broome and Vernon McLemore, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*  Lee contended that Krystal and an entity called Elite Security (the alter ego of Broome and McLemore) were her joint employers, and that they had violated the FLSA by failing to pay her approximately $1,218 in straight-time wages.

Early in the lifespan of the case, Lee took a voluntary dismissal of her claims against Broome and McLemore, on the grounds that she perceived them to be "judgment-proof."  Before she dismissed those claims, however, Krystal filed a Crossclaim (doc. 8) against Broome and McLemore, both individually and doing business as Elite.  That Crossclaim alleged, in relevant

---

[1]   The court file also contains a previously-submitted Motion for Default Judgment by Krystal seeking the same relief against the same individuals. (*See* doc. 46.)  That iteration of the Motion remains pending; indeed, the Court entered an Order (doc. 48) on January 15, 2013 requiring supplemental briefing.  Krystal filed its second Motion for Default Judgment in lieu of a supplemental brief.  To minimize confusion and redundancy, the Court deems the initial Motion for Default Judgment (doc. 46) **moot**, although arguments therein will be considered to the extent they are relevant and beneficial to the more recent, supplemented version of the Motion.

part, as follows: (i) Lee was employed by Elite, not Krystal (a mixed question of fact and law under the FLSA); (ii) "Elite was responsible at all times for compensating Ms. Lee;" (iii) if Krystal is found liable "for any wages or compensation that Elite failed to pay to Ms. Lee, then Elite is under a duty to pay this amount to Krystal under the doctrines of indemnity and/or contribution;" and (iv) Broome and McLemore would be liable not only for any wages that Krystal was required to pay Lee, but also any "attorneys' fees or costs that the Court … may conclude that Krystal is obligated to pay to the plaintiff." (Doc. 8, at 5-6.) Krystal completed service of process on McLemore via personal service on February 10, 2012 (*see* doc. 18), and on Broome via personal service on April 3, 2012 (*see* doc. 21). Neither McLemore nor Broome appeared, responded or defended in a timely manner; therefore, on May 15, 2012, a Clerk's Entry of Default (doc. 27) was entered against them pursuant to Rule 55(a), Fed.R.Civ.P.

Notwithstanding the default as to the Crossclaim, this litigation proceeded with respect to Lee's claims against Krystal. In August 2012, Krystal extended an Offer of Judgment to Lee in the amount of $1,218.00 (representing "the full amount of the wages in controversy"), exclusive of costs and attorney's fees, pursuant to Rule 68(a), Fed.R.Civ.P. Lee timely accepted, and this Court approved that settlement by Order (doc. 33) dated August 28, 2012. Because the Offer of Judgment left open the amount of attorney's fees owed to Lee under the fee-shifting provisions of 29 U.S.C. § 216(b), the parties subsequently submitted briefing and exhibits on that issue. On January 15, 2013, the Court entered an Order (doc. 47) awarding Lee reasonable attorney's fees in the amount of $22,577.50, and costs in the amount of $615.87.

Krystal now seeks entry of default judgment against Broome and McLemore, jointly and severally, not only for the $1,218.00 in back wages, but also for the $22,577.50 in Lee's attorney's fees that were shifted to Krystal under the FLSA. In an Order (doc. 48) entered on January 15, 2013, the Court questioned "why Lee's statutory attorney's fee petition is a compensable element of Krystal's damages in its indemnity/contribution crossclaims against Broome and McLemore" (doc. 48, at 2), and afforded Krystal an opportunity (of which it availed itself) to support its position.

## II. Analysis.

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*,

674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure … to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, crossclaim defendants failed to appear or defend against a lawsuit for approximately ten months after being served (despite knowledge of ongoing default proceedings against them), entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process.[2] In short, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted). That is what happened here. Despite being served with process back in February 2012 and April 2012, Broome and McLemore declined to appear or defend, and effectively prevented this litigation (at least as to the Crossclaim, which is the only part that concerns them) from leaving the starting blocks.

The law is clear, however, that Broome's and McLemore's failure to appear and the Clerk's Entry of Default do not automatically entitle Krystal to a default judgment in the requested (or any) amount. A default is not "an absolute confession by the defendant of his

---

[2] *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1290 (S.D. Ala. 2010) ("Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than three months after being served, entry of default judgment is appropriate."); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond within time provided by Rule 12(a)(2)).

liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); *Cotton States Mut. Ins. Co. v. Sellars*, 2008 WL 4601015, *5 (M.D. Ala. Oct. 15, 2008) ("the failure to defend does not automatically entitle a plaintiff to recover"); *Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

In light of these principles, the Court cannot reflexively enter default judgment, but must first verify that the Crossclaim states a viable common-law indemnity/contribution claim against Broome and McLemore. Upon careful consideration, the Court concludes that it does not. As an initial matter, the FLSA provides no statutory indemnity or contribution remedy for putative joint employers in Krystal's position. Krystal posits that "a defendant may pursue a claim for indemnity against an unrelated third party under the FLSA" (doc. 53-1, at 4), but cites only a solitary 20-year old district court decision from another jurisdiction to support that proposition.[3]

---

[3] That case, *Daniels v. Board of Trustees of Herington Mun. Hosp.*, 841 F. Supp. 363 (D. Kan. 1993), is distinguishable in an important respect. In *Daniels*, there was a contract of indemnity between the employer and the county for which the employer had agreed to provide emergency medical services. Here, by contrast, there was no contract between Krystal and Elite; rather, Krystal seeks to recover in common-law indemnity. The difference matters. *See generally Itzep v. Target Corp.*, 2010 WL 2278349, *24 (W.D. Tex. June 4, 2010) ("The Court finds that the FLSA does not preempt a contractual allocation of risk and obligation under the FLSA. … The Court does not find it repugnant to public policy for the employers to contractually allocate the liability."). At any rate, it is far from clear that a cognizable right to contractual indemnification exists in the FLSA context, given the public policy interests at stake. *See Gustafson v. Bell Atlantic Corp.*, 171 F. Supp.2d 311, 328 (S.D.N.Y. 2001) ("Whether or not JAG breached a contractual obligation, defendants' attempt to recover damages from JAG for overtime violations is an attempt to receive indemnification for FLSA liability. … Allowing indemnification in cases such as this would permit employers to contract away their obligations (Continued)

By contrast, persuasive federal authorities are legion for the proposition that common-law indemnity or contribution remedies cannot be engrafted onto an FLSA case, and that any attempt to do so under state law is preempted.  *See, e.g., Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 144 (2nd Cir. 1999) ("we hold that there is no right to contribution or indemnification for employers held liable under the FLSA" because "the text of the FLSA makes no provision for contribution or indemnification," the FLSA was not enacted for employers' benefit, the comprehensiveness of the FLSA remedial scheme "strongly counsels against judicially engrafting additional remedies," the FLSA's legislative history is silent on the issue, and "the FLSA's remedial scheme is sufficiently comprehensive as to preempt state law in this respect")); *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (affirming dismissal of employer's counterclaim for common-law indemnity in FLSA action, reasoning that "[t]o engraft an indemnity action upon this otherwise comprehensive federal statute would run afoul of the Supremacy Clause of the Constitution [and] would undermine employers' incentive to abide by the Act").[4]

---

under the FLSA, a result that flouts the purpose of the statute.").  Of course, this Court need not decide between the *Itzep* and *Gustafson* approaches, for the simple reason that this is not a contractual indemnity case at all.

     [4]     *See also McDougal v. G & S Tobacco Dealers, L.L.C.*, 712 F. Supp.2d 488, 496 (N.D. W.Va. 2010) ("A number of cases have addressed the issue of whether there is a right to contribution or indemnification for employers held liable under the FLSA and have held there is none."); *Villareal v. El Chile, Inc.*, 601 F. Supp.2d 1011, 1016 (N.D. Ill. 2009) ("In light of the consistent holdings by the courts that have considered the issue, Defendants' counterclaim for indemnity (or contribution) with respect to Plaintiffs' FLSA claim is dismissed with prejudice."); *Emanuel v. Rolling in the Dough, Inc.*, 2010 WL 4627661, *4 (N.D. Ill. Nov. 2, 2010) ("the FLSA is silent as to allowing recovery for indemnity or contribution, however, the federal courts that have considered the issue … have all found that allowing an employer to seek indemnification or contribution would frustrate the purpose of FLSA and undermine the incentive for employers to comply with wage and overtime standards," such that employer's "common law indemnity and contribution claims are preempted by federal law"); *Quintana v. Explorer Enterprises, Inc.*, 2010 WL 2220310, *2 (S.D. Fla. June 3, 2010) ("Although the Eleventh Circuit has not addressed this issue, the circuits that have addressed the issue consistently found that indemnification claims against employees or owners are contrary to public policy and the legislative intent of the FLSA."); *Bailon v. Seok AM No. 1 Corp.*, 2009 WL 4884340, *4 (W.D. Wash. Dec. 9, 2009) ("This authority stands for the proposition that plaintiffs may have a claim against an individual supervisor, but does not stand for the proposition that (Continued)

Although some of these authorities may be distinguishable, and none are binding, the Court nonetheless finds their reasoning persuasive here.  As the cases point out, the text of the FLSA is comprehensive, yet it fails to provide for indemnification or contribution.  Moreover, the statute was not intended to protect employers at all.  Allowing employers such as Krystal to shirk their FLSA obligations on the theory that someone else (*i.e.*, a joint employer such as Elite) will foot the bill by operation of state law would be antithetical to the compelling public policy considerations animating the FLSA.  And any attempt to invoke Alabama common-law indemnity or contribution principles here is doomed to failure because of the preemption problem and the lack of availability of state-law contribution rights where federal law supplies the rule of decision.  *See, e.g., Herman*, 172 F.3d at 144 (rejecting contention that state-law contribution or indemnification claims may be pursued in FLSA action, and reasoning that federal courts recognize right to state-law contribution only in cases in which state law supplies the rule of decision); *Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev. (Las Vegas)*, 934 F.2d 209, 212 (9th Cir. 1991) ("A defendant held liable under a federal statute has a right to contribution or indemnification from another who has also violated the statute only if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate federal common law."); *LeCompte*, 780 F.2d at 1264-65 ("As enforcement of the Louisiana-law-based cause of action for indemnity would squarely conflict with the [FLSA], the state law cannot be applied to this case.").

**III.   Conclusion.**

Unquestionably, Broome and McLemore are in default; however, their default is not necessarily tantamount to an admission that Krystal's Crossclaim is legally viable.  For the reasons set forth herein, the Court is persuaded by a veritable wall of precedent that state-law indemnity and contribution remedies are unavailable in FLSA actions such as this because the statute does not provide for them, the legislative history does not mention them, the public policies undergirding the FLSA would be disserved by them, there are significant preemption concerns, state common-law indemnity and contribution theories are not cognizable where

---

another defendant who may be liable for wage claims has a contribution or indemnity claim against someone similarly situated.").

federal law provides the rule of decision, and there was no contract between Krystal and Broome/McLemore for apportioning liability or FLSA compliance responsibility. Because the Crossclaim on its face fails to state a claim, no default judgment can stand against Broome and McLemore, notwithstanding their failure to participate in this litigation.

For all of the foregoing reasons, it is **ordered** as follows:

1. Krystal's initial Motion for Default Judgment (doc. 46) is **moot**;
2. Krystal's second Motion for Default Judgment (doc. 53) is **denied**;
3. The Crossclaim is **dismissed** for failure to state a claim;
4. Because this ruling resolves the last remaining claims and issues joined in this action, a final judgment will be entered separately; and
5. The Clerk's Office is directed to close this file for administrative and statistical purposes.

DONE and ORDERED this 4th day of February, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE